## INDEPENDENCE LUMBER CO., Inc., v. DAY.

### No. 1967.

Court of Appeal of Louisiana. First Circuit. March 22, 1939.

Rownd & Tycer, of Hammond, for appellant.

Reid & Reid, of Hammond, for appellee.

DORE, Judge.

On October 29, 1938, the plaintiff filed this suit setting forth that on or about December 11, 1937, it employed the defendant as night watchman to watch and guard the additions erected by it to the Amite High School; that the defendant was employed at the wage of 30 cents per hour

for ten hours during the night between 7 P. M. and 5 A. M. until August 2, 1938, during which time he was fully paid the agreed compensation; but that, notwithstanding such payment, on October 10, 1938 the defendant filed a laborer's lien in the mortgage office of the Parish of Tangipahoa claiming a difference of four and one-half hours per day at 30 cents per hour from December 15, 1937 to August 2, 1938, making a total of $310.50. Plaintiff prayed that a rule issue directed to the defendant and to the Clerk of Court and Ex-officio Recorder of Mortgages of Tangipahoa Parish commanding them to show cause why the laborer's lien should not be cancelled.

The defendant filed his answer alleging that on December 15, 1937 he was employed by the plaintiff as night watchman under an agreement to the effect that he was to go on duty at 4:30 P. M. and remain on duty until 7 A. M., and to be paid at the rate of 30 cents per hour; that he was paid for ten hours per day during the term of employment, but was not paid for the difference of four and one-half hours per day during said term despite the agreement and the fact that he was on duty during the said extra hours, and that therefore the laborer's lien which he filed is valid and he should have judgment in reconvention for the amount thereof.

The District Court rendered judgment for the plaintiff, ordering the cancellation of the laborer's lien. The defendant has appealed.

The only question before us is whether it is shown that the defendant was employed for fourteen and one-half hours per night as alleged by him, or for ten hours per night as set forth by plaintiff.

Mr. Tolle, the foreman in charge of the construction work, and Mr. Michele, the timekeeper, both testified that the defendant was employed on the basis of ten hours per night between the hours of 7 P. M. and 5 A. M. at the wage of 30 cents per hour. It is testified that the defendant came on the premises at 4:30 in the afternoon and left at 7 in the morning, but his presence on the premises before and after his regular hours of employment appears from the evidence to have been due to his own personal convenience or desire. The only testimony to the effect that he was required to be on duty between 4:30 P. M. and 7 A. M. (or at any other time except 7 P. M. to 5 A.

M.) is his own, which is flatly contradicted by those who were in charge of the construction, as well as by the fact that the defendant accepted weekly checks on the basis of ten hours per day from the beginning to the very end of his employment. It is true that the defendant testified that he was told by Mr. Tolle that he would receive payment for the extra hours when the work was completed, but that testimony is uncorroborated and is contradicted by Mr. Tolle.

We find from the record that the judgment of the lower court is supported by a preponderance of the evidence, and it is therefore affirmed.